### HOLT v DIENST et

Ohio Appeals, 2nd Dist, Franklin Co

No 2623. Decided April 18, 1936

Jones & Henderson, Columbus, for plaintiff in error.

Harley E. Peters, Columbus, and James I. Boulger, Columbus, for defendant in error.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on proceedings in error from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The parties appear in this court in the same order as in the trial court.

In the trial below jury was waived and the cause submitted to the court.

Very able and comprehensive briefs have been submitted by counsel representing the respective parties.

The following brief summary of facts will render understandable the nature of the controversy and the manner in which the claimed errors arise.

On August 21, 1931, the defendant, Dienst, entered into a contract with the State of Ohio for the improvement of East Main Street, Columbus, and Bexley, Ohio, upon which contract the defendant Seaboard Surety Company was surety under the statutory bond required by §§2365-1 and 2365-2 GC.

On August 31, 1931, Dienst entered into a written contract with Charles M. Gray, whereby Gray agreed to furnish all labor, machinery and equipment for the excavation provided for in the contract between Dienst and the State of Ohio. This contract contained a provision that Gray should not again transfer or sublet the whole or any part of the work without the consent of Dienst in writing.

On or about the 8th day of September, 1931, Gray entered into an oral contract with the plaintiff, Holt, whereby the latter agreed to furnish labor, power shovels and trucks for the excavation provided in the contract between Dienst and the State of Ohio, at the following prices: Trucks for hauling, at $1.75 per hour; gas power shovels, $5.00 per hour; and excavation at .07c per cubic yard. Between the 8th day of September and the last day of October, 1931. Holt furnished power shovels and trucks, together with the necessary labor and fuel for the excavation in question, and received on account the sum of $4500.00 and claimed a balance in the sum of $3947.02, for which latter amount he sought judgment.

Plaintiff's original petition, among other things, contained the following allegation:

"On or about the 8th day of September, 1931, the plaintiff entered into an oral agreement with the defendant, Charles M. Gray, whereby plaintiff agreed to furnish **all the labor, machinery and equipment** for the excavation in said contract between the defendant, Robert J. Dienst, and the State of Ohio. **The said labor, machinery and equipment was to be furnished** at the following prices: Trucks for hauling, at $1.75 per hour; gas power shovels at $5.00 per hour, and certain excavations at .07c per cubic yard."

(Emphasis ours).

During the progress of the trial plaintiff asked leave to amend the foregoing paragraph of his petition as follows:

"On or about the 8th day of September, 1931, the plaintiff entered into an oral agreement with defendant, Charles M. Gray, whereby plaintiff agreed to furnish labor, **power shovels and trucks** for the excavation of said contract between the defendant, Robert J. Dienst, and the State of Ohio at the following prices: Trucks for hauling at $1.75 per hour; gas power shovels at $5.00 per hour, and certain excavations at .07c per cubic yard."

(Emphasis ours).

The allegations of performance were in substantially the above language and the proffered amendment was of same import.

The emphasized portion of the above quoted paragraph of the original petition

discloses the portion omitted in the proposed amendment, and the emphasized words in the amended paragraph disclose the words added or substituted.

The trial court in the first instance permitted the amendment at bar subject to objection by interlineation but in his final consideration after the cause was submitted, determined that the amendment was improperly made and expunged it from the record. This conclusion of the trial court was on the theory that the paragraph as contained in the petition originally characterized the plaintiff as a subcontractor of a subcontractor, whereas the proposed amendment stated a cause of action for labor.

On request of counsel for plaintiff, the trial court made separate finding of facts and conclusions of law. The proposed amendment to the petition was rejected on the theory that it constituted a different cause of action from that set forth in the original petition. The court further determined in substance that the plaintiff, under the quoted allegations of his original petition, being a subcontractor of a subcontractor, placed himself in direct violation of the provisions of the contract between the defendant, Dienst, and the subcontractor Gray, wherein it was stipulated that Gray should not assign, transfer or sublet the whole or any part of the work without the consent of Dienst in writing, and that by reason thereof plaintiff could not recover under his original petition. The further conclusion was announced in substance that the proposed amendment, while setting out a claim for labor, if allowed, would, in effect, be reviving the right of action otherwise barred by the statute of limitation.

Sec 2365-3 GC, being the section which authorizes action against sureties under public contracts, such as is presented in the instant case, provides that such action must be commenced not later than one year from the date of the acceptance of such improvement. The proposed amendment to the petition which was made during the trial was more than a year following the acceptance of the improvement by the State of Ohio. The date of such acceptance was found to be March 24, 1932.

Plaintiff furnished statement of the amount of his claim to the surety and contractor on or about the 12th day of January, 1932, as an intended compliance with §2365-3, GC. The plaintiff's original action was not brought until after sixty days following the furnishing of said statement and in this particular the above section

was complied with. There was also a compliance in that the action, if proper, was commenced before the expiration of one year following the acceptance of said improvement by the State of Ohio.

The finding and judgment was for defendants.

Briefly, the questions in issue may be summarized as follows:

1. Does plaintiff's original petition state a cause of action against the defendants?
2. If a cause of action stated, is the claim supported under the evidence?
3. Was the proposed amendment of the petition requisite to the statement of a cause of action?
4. Was the court in error in determining that such amendment changed the form of action?

It may be properly stated at this time that the trial court determined in his finding of facts that the amendment to the petition set forth the real contract between plaintiff and Gray.

The determination of the above issuable questions demands a construction of the legislative enactments providing liability against sureties on contracts for public improvements. The following pertinent sections are set forth in full:

"Sec 2365-1 GC. BOND AND ADDITIONAL OBLIGATION OF CONTRACTOR TO PAY SUBCONTRACTORS AND MATERIAL MEN. That when public buildings or other public works or improvements are about to be constructed, erected, altered or repaired under contract, at the expense of the state, or any county, city, village, township or school district thereof, it shall be the duty of the board, officer or agent, contracting on behalf of the state, county, city, village, township or school district, to require the usual bond as provided for in statute with good and sufficient sureties, with an additional obligation for the payment by the contractor, and by all sub-contractors, for all labor performed or materials furnished in the construction, erection, alteration or repair of such building, works or improvements."

"Sec 2365-2 GC. APPROVAL OF BOND; CONDITIONS. Such bond shall be executed by such contractor with such sureties as shall be approved by the board, officer, or agent acting on behalf of the state, county, city, village, township or school district aforesaid, in an amount equal to at least fifty per cent (50%) of the contract

price, and conditioned for the payment by the contractor and by all sub-contractors, of all indebtedness which may accrue to any person, firm or corporation, on account of any labor performed or materials furnished in the construction, erection, alteration or repair of such building, works or improvement. Such bond shall be deposited with, and held by, such board, officer or agent for the use of any party interested therein."

Sec 2365-3 GC is also pertinent, but it has heretofore been referred to and need not be set out in full.

Sec 2365-4 GC provides the form of bond, but under the decisions of the Supreme Court its language can not enlarge the obligations under the bond beyond the provisions of §§2365-1 and 2365-2 GC above quoted. Royal Indemnity Co. v The Day and Maddock Co., 114 Oh St, 58.

Plaintiff's right of recovery against the principal contractor and his surety must be found to exist under the provisions of §§2361-1 and 2365-2 GC or not at all.

The following language under §2361-1 GC is pertinent as bearing on plaintiff's cause of action:

"* * * with the additional obligation for the payments by the contractor, and by all sub-contractors for all labor performed or materials furnished in the construction, erection, alteration or repair of such buildings, works or improvements."

Also of similar import is §2365-2 GC:

"* * * conditioned for the payment by the contractor and all sub-contractors, of all indebtedness which may accrue to any person, firm or corporation, on account of any labor performed or materials furnished in the construction, erection, alteration or repair of such buildings, works or improvements."

These sections of the General Code providing for bond and the form thereof on public contracts have been declared constitutional. The Supreme Court has also decided that all bonds required under the above sections of the Code will be construed as containing the prescribed conditions even though such provisions may have been omitted from the executed bond. The Southern Surety Company v Chambers, 115 Oh St, 434.

It seems to be the contention of counsel for the defendants, concurred in by the trial court, that the original petition failed to state a cause of action for the claimed

reason that under the allegations of the petition the plaintiff must be construed as a sub-contractor of a sub-contractor and thereby not entitled to relief under the language of the Code sections. There is no express language in the Code preventing sub-contractors of sub-contractors from being embraced within its provisions. It is clear, however, that to come within its provisions it must appear that labor has been performed or material furnished in the construction, erection, alteration or repair of such building works or improvements. In the instant case there can be no question that the plaintiff "performed labor in the construction of such improvements." He performed such labor with power shovels and trucks and under the decision of the Supreme Court in Metropolitan Insurance Company v Dill, 124 Oh St, 536, the doing of the excavating in the manner stated would constitute "labor performed." This case is very illuminating and helpful in determining the questions as to what constitutes "labor performed." The syllabus and opinion by Judge Robert Day is determinative on this phase of the question.

Practically the only distinction in the instant case from the reported case is that in the reported case the plaintiff described himself as a sub-contractor performing labor, whereas in the instant case it is urged that the plaintiff was a sub-contractor of a sub-contractor.

In the reported case the sub-contractor was the plaintiff seeking recovery on the compensated bond for labor performed. In the instant case the plaintiff, Holt, is seeking recovery for labor performed by contract with the sub-contractor.

The natural query arises as to what difference it could make as to who performed the labor provided it was in furtherance of the principal's contract with the State. We have three questions to consider in connection with the claim that the plaintiff is a sub-contractor of a sub-contractor.

First, is one of fact as to whether under the pleadings and the record the plaintiff, Holt, was a sub-contractor of a sub-contractor.

Second, if found so to be would it defeat recovery.

Third, does the provision of the contract between Dienst, the principal contractor and Gray, his sub-contractor, wherein it was provided that Gray would not assign or sub-let his contract without the written consent of Dienst have any probative force on Holt's right of recovery?

Considering these questions in order we now inquire as to whether or not Holt was a sub-contractor of a sub-contractor.

The petition does not so state, but it is the claim of counsel for defendant that it is necessarily implied wherein plaintiff in stating the terms of his oral contract with Gray alleged that he was to furnish all the labor, machinery and equipment for the excavating in said contract between defendant, Robert J. Dienst, and the State of Ohio. Unquestionably the language of this paragraph is broad enough to bear the construction that Holt had contracted to do all the labor required for the excavation as was provided in the principal contract between Dienst and the State of Ohio. That such was not the actual terms of the oral contract is clearly shown from the evidence and the trial court so found in his finding of facts. During the trial the cou t permitted an amendment striking out the word "all" and substituted power shovels and trucks for machinery and equipment, but afterwards concluded that the amendment was improper and considered the cause under the petition as originally drawn. It would be our conclusion that the original petition could properly be construed as constituting Holt a sub-contractor of Gray but, in our judgment, this is not vital under the facts in the instant case. Neither do we see any reason why the court might not have permitted the amendment and considered the cause under the facts as he found them to be.

What we have just said under heading one is very closely connected to and influenced by what are our conclusions under heading two which we now consider.

2. If Holt, under the original pleading was properly classified, as a sub-contractor, of a sub-contractor would that defeat his recovery?

If we confine ourselves to the language of the sections of the Code creating liability against a compensated surety on public improvements and to the Ohio cases dealing directly with these sections, we find nothing in their language nor in the reported cases supporting the claim that a sub-contractor of a sub-contractor is not protected under the language of such sections. It is unquestionably the law that any one seeking recovery must bring themselves within the provisions creating liability. Of course, liability does not exist except as provided by the legislative enactments. It has been determined by the Supreme Court of this State that the purpose of this legislation is to afford relief to subcontractors, laborers and material men on public contracts where, under the provisions of the mechanics lien law, no lien could be obtained against the State or public improvements constructed by some political subdivision of the State. **Indemnity Company v Day and Maddock Company, 114 Oh St, 58.**

We find many reported cases in this state and also in other jurisdictions dealing with rights of claimants under the mechanics lien law.

In the case of **Webb v State, 29 Oh St, 227,** the Supreme Court in the syllabus states that the mechanics lien law as amended March 30, 1875, does not provide a remedy in favor of a creditor of a subcontractor against funds in the hands of the owner of the building, etc. On page 229 the court in a per curiam state that the creditor was seeking to enforce his lien by reason of material furnished.

It is also stated in this opinion that while the language of §2 of the amendatory act was broad enough to include the creditors of any sub-contractor as well as the creditor of the contractor but that an examination of the whole statute as amended makes it quite clear that the legislature did not intend to provide a remedy for material men against any person other than the owner of the original building.

An examination of the act as contained in Ohio Laws, 72, supra, will disclose that the other provisions of the section referred to by the Supreme Court provide that the work or material must have been performed under a contract between the owner or the board, company or corporation first authorizing or contracting for said work. In the reported case it thereby clearly appears that the claimant did not come within the class which the Supreme Court found that the legislature intended to protect. In DeWitt's Ohio Mechanics' Liens, §19, we find the following:

"It was formerly held that a sub-contractor of a sub-contractor was not entitled to a lien, but under the provisions of §8310 GC there is now no question but that a sub-contractor of a sub-contractor or as he is sometimes called, a 'sub-contractor in the second degree,' is entitled to a lien."

This at once leads us to the inquiry as to what is the provision of §8310 GC that has altered the rule as announced in Supreme Court, 29 Oh St, supra. Within the section referring to who is entitled to the lien will be found the following:

"Every person who shall as sub-contractor, laborer or material man perform any labor or furnish material or fuel to each original or principal contractor or any sub-contractor."

It will be noted that §8310, GC, does not follow down the list beyond sub-contractor.

Under the applicable sections in the instant case creating liability against compensated bondsmen the class protected is encompassed within the following provision "the payment by the contractor and by all of sub-contractors for all labor performed or materials furnished, etc."

Also at §275, DeWitt's Mechanics' Lien Law we find the following:

"By virtue of this decision it would seem that the protection afforded laborers and material men who perform their labor and furnish their materials in the performance of a public contract is greater than the protection afforded those who contribute to the performance of a private contract. In other words the bond given to secure a public contract affords a much broader avenue of relief and protection than does the Mechanics Lien Law."

The decision referred to in the text as shown by the note is **American Guaranty Company v Cincinnati Iron and Steel Company, 115 Oh St, 626.** This case, we think is directly in point and by analogy determinative of the instant case. In the reported case, 115 Oh St, supra, the claimant was a material man whereas in the instant case the claim is for labor performed.

In the reported case the material man was removed from the original contract to the same degree as in the instant case. The provisions of the law are identical as to material men and for labor performed.

Just as the Supreme Court in the case of **Metropolitan Insurance Company v Dill, 124 Oh St, 536,** granted relief to a sub-contractor on the basis of furnishing labor so should like relief be granted in the instant case for providing labor to a sub-contractor. Another interesting case, if not directly bearing on the instant case is at least analogous, is **Royal Indemnity Company v State ex, 120 Oh St, 378.** This is even a clearer case in its statement of facts and its application than is the above cited case, 115 Oh St, 626.

We do find it necessary or advantageous to refer to or comment on the decisions of the courts of last resort in other jurisdictions.

However, we have examined the many cases cited and do not find anything of

importance not covered by the Supreme Court of our own State. Running through all the cases we do find that the language of the legislative enactments under consideration are in the final analysis controlling in the court's determination.

We would further refer to DeWitt's work on Mechanics' Lien, Chapter 12, §§241-301, inclusive, where is discussed various questions arising under §§2361-1, 2365-2, 2365-3, 2365-4, GC.

On final analysis it is our conclusion that regardless of the status of the defendant, Holt being a sub-contractor of a sub-contractor or otherwise he falls within the direct provisions of the above ▆▆▆▆▆▆ sections of the General Code creating liability against compensated bondsmen on public contracts.

(3)' We now consider the question as to the effect of the contract between Dienst and Gray wherein it was provided that Gray could not assign or sublet his contract or any part thereof without the written consent of Dienst. The record discloses that Dienst did not give his written consent although he knew by his daily attendance on the work that Holt was doing the work for which he makes claim. It does not appear that Holt knew that this provision was in the con-▆▆▆▆▆▆ tract between Dienst and Gray. We do not think that this provision for written consent can deprive Holt of his rights and remedies provided under the Code. It clearly appears and is admitted by Dienst that he received from time to time statements of the amounts due and payments made as the work progressed. It would certainly be an improper construction to say that a principal contractor could take the benefit of Holt's work in making the excavation and then void the provisions of the statute by reason of that portion of his contract with Gray. Counsel for the defendant make the observation that notwithstanding Dienst's knowledge that Holt was furnishing labor yet it did not necessarily know that he was performing it under a contract with Gray. They make the further statement that he may have thought that Holt was acting as Gray's superintendent. This idea is refuted by virtue of the statements which Holt furnished to Dienst.

It is our conclusion that the trial court was in error in finding that the plaintiff Holt had no right of recovery by reason of his status as a sub-contractor in the second degree and by reason of the provisions in the Dienst-Gray contract against

assignment or subletting without their written consent.

The trial court made no finding on the factual question of amount of plaintiff's claim and hence the cause will be remanded for further trial on this issue.

Costs will be awarded against defendant in error.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.